UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

THADDEUS LOVE,

       Petitioner,

v.                        Case No: 2:12-cv-367-FtM-29DNF

SECRETARY, DOC and FLORIDA
ATTORNEY GENERAL,

       Respondents.[1]

_____

## OPINION AND ORDER

This matter comes before the Court upon a petition for habeas corpus relief filed pursuant to 28 U.S.C. § 2254 by Thaddeus Love ("Petitioner") who is presently confined at the Santa Rosa Correctional Institution Annex in Milton, Florida (Doc. 1, filed July 9, 2012). Petitioner, proceeding *pro se*, attacks the convictions entered by the Circuit Court in Desoto County, Florida for robbery, false imprisonment, and possession of a firearm by a convicted felon. Id. Respondent filed a response and a supplemental response to the petition (Doc. 13; Doc. 21). Petitioner filed a reply and a supplemental reply (Doc. 17; Doc. 23).

_____

[1] When the petitioner is incarcerated and challenges his present physical confinement "the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." Rumsfeld v. Padilla, 542 U.S. 426, 436 (2004)(citations omitted). In Florida, the proper respondent in this action is the Secretary of the Florida Department of Corrections. Therefore, the Florida Attorney General will be dismissed from this action.

Upon due consideration of the pleadings and the state court record, the Court concludes that Petitioner is not entitled to federal habeas relief.  Because the Court may resolve the Petition on the basis of the record, an evidentiary hearing is not warranted.  See Schriro v. Landrigan, 550 U.S. 465, 474 (2007) (if the record refutes the factual allegations in the petition or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing).

## I.  Background

On January 12, 2010, Petitioner was charged by amended information with robbery with a mask in violation of Florida Statute §§ 812.13(1) and (2)(c); false imprisonment in violation of Florida Statute § 787.02(1)(a); and possession of a firearm by a convicted felon in violation of Florida Statutes §§ 790.23 and 775.087 (Ex. 1 at 1 at 7-9).[2]

Petitioner filed a motion to suppress a warrantless stop of his vehicle "and all evidence collected and established by the State as a result thereof, and to prohibit the State from using any such evidence against the Defendant[.]" (Ex. 3).  After a hearing (Ex. 4), the trial court denied the motion to suppress (Ex. 4 at 30).

---

[2] Unless indicated otherwise, citations or references to exhibits are to those filed by Respondent on February 28, 2013 (Doc. 15).

On August 12, 2010, Petitioner entered into a plea agreement (Ex. 6; Ex. 8) and was sentenced to fifteen years in prison on count one and to concurrent terms of five and fifteen years in prison on counts two and three (Ex. 6 at 2; Ex. 7; Ex. 8 at 3-4, 9-10). Petitioner reserved his right to appeal the denial of his motion to suppress (Ex. 6 at 1, Ex. 8 at 4). Petitioner appealed, and argued in his appellate brief that the trial court erred when it denied his motion to suppress because the "be on the lookout" ("BOLO") bulletin was too general to justify the stop of his car (Ex. 10). Florida Second District Court of Appeal ("DCA") *per curiam* affirmed Petitioner's conviction without a written opinion, but with citations (Ex. 13).

Petitioner subsequently filed a state petition for writ of habeas corpus in which he alleged that his appellate counsel was ineffective for failing to argue that the trial court should have sustained his objection to a Confrontation Clause violation because the officer who stopped his car pursuant to the BOLO did not testify at the suppression hearing (Ex. 14). The petition was denied by Florida's Second DCA (Ex. 15).

## II. Governing Legal Principles

### A. Standard of Review Under the Antiterrorism Effective Death Penalty Act ("AEDPA")

Pursuant to the AEDPA, federal habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). This standard is both mandatory and difficult to meet. White v. Woodall, 134 S. Ct. 1697, 1702 (2014). A state court's summary rejection of a claim, even without explanation, qualifies as an adjudication on the merits which warrants deference. Ferguson v. Culliver, 527 F.3d 1144, 1146 (11th Cir. 2008). Notably, a state court's violation of state law is not sufficient to show that a petitioner is in custody in violation of the "Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Wilson v. Corcoran, 562 U.S. 1, 16 (2010).

"Clearly established federal law" consists of the governing legal principles, rather than the dicta, set forth in the decisions of the United States Supreme Court at the time the state court issued its decision. White, 134 S. Ct. at 1702; Carey v. Musladin, 549 U.S. 70, 74 (2006) (citing Williams v. Taylor, 529 U.S. 362, 412 (2000)). That said, the Supreme Court has also explained that "the lack of a Supreme Court decision on nearly identical facts does not by itself mean that there is no clearly established federal law, since 'a general standard' from [the Supreme Court's] cases can supply such law." Marshall v. Rodgers, 133 S. Ct. 1446,

1449 (2013) (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)).  State courts "must reasonably apply the rules 'squarely established' by [the Supreme] Court's holdings to the facts of each case.  White, 134 S. Ct. at 1706 (quoting Knowles v. Mirzayance, 556 U.S. 111, 122 (2009)).

Even if there is clearly established federal law on point, habeas relief is only appropriate if the state court decision was "contrary to, or an unreasonable application of," that federal law. 29 U.S.C. § 2254(d)(1).  A decision is "contrary to" clearly established federal law if the state court either: (1) applied a rule that contradicts the governing law set forth by Supreme Court case law; or (2) reached a different result from the Supreme Court when faced with materially indistinguishable facts. Ward v. Hall, 592 F.3d 1144, 1155 (11th Cir. 2010); Mitchell v. Esparza, 540 U.S. 12, 16 (2003).

A state court decision involves an "unreasonable application" of the Supreme Court's precedents if the state court correctly identifies the governing legal principle, but applies it to the facts of the petitioner's case in an objectively unreasonable manner, Brown v. Payton, 544 U.S. 133, 134 (2005); Bottoson v. Moore, 234 F.3d 526, 531 (11th Cir. 2000), or "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context

where it should apply." <u>Bottoson</u>, 234 F.3d at 531 (quoting <u>Williams</u>, 529 U.S. at 406).  The petitioner must show that the state court's ruling was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." <u>White</u>, 134 S. Ct. at 1702 (quoting <u>Harrington v. Richter</u>, 562 U.S. 86 (2011)). Moreover, "it is not an unreasonable application of clearly established Federal law for a state court to decline to apply a specific legal rule that has not been squarely established by [the Supreme] Court." <u>Knowles</u>, 556 U.S. at 122.

Finally, when reviewing a claim under § 2254(d), a federal court must bear in mind that any "determination of a factual issue made by a State court shall be presumed to be correct[,]" and the petitioner bears "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 340 (2003) ("a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding") (dictum); <u>Burt v. Titlow</u>, 134 S. Ct. 10, 15-16 (2013) (same).

**B.  Standard for Ineffective Assistance of Counsel**

In <u>Strickland v. Washington</u>, the Supreme Court established a two-part test for determining whether a convicted person is

entitled to relief on the ground that his counsel rendered ineffective assistance. 466 U.S. 668, 687-88 (1984).  A petitioner must establish that counsel's performance was deficient and fell below an objective standard of reasonableness and that the deficient performance prejudiced the defense.  Id.   This is a "doubly deferential" standard of review that gives both the state court and the petitioner's attorney the benefit of the doubt. Burt, 134 S. Ct. at 13 (citing Cullen v. Pinholster, 131 S. Ct. 1388, 1403 (2011)).   The Strickland standards apply to both ineffective assistance of trial and appellate counsel claims. See Smith v. Robbins, 528 U.S. 259 (2000).

The focus of inquiry under Strickland's performance prong is "reasonableness under prevailing professional norms." Strickland, 466 U.S. at 688-89.  In reviewing counsel's performance, a court must adhere to a strong presumption that "counsel's conduct falls within the wide range of reasonable professional assistance."  Id. at 689.  Indeed, the petitioner bears the heavy burden to "prove, by a preponderance of the evidence, that counsel's performance was unreasonable[.]" Jones v. Campbell, 436 F.3d 1285, 1293 (11th Cir. 2006).  A court must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct," applying a "highly deferential" level of judicial scrutiny. Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000) (quoting Strickland, 466 U.S. at 690).

As to the prejudice prong of the _Strickland_ standard, Petitioner's burden to demonstrate prejudice is high. _Wellington v. Moore_, 314 F.3d 1256, 1260 (11th Cir. 2002). Prejudice "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." _Strickland_, 466 U.S. at 687. That is, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." _Id._ At 694. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." _Strickland_, 466 U.S. at 694. Appellate counsel's performance will be deemed prejudicial only if "the neglected claim would have a reasonable probability of success on appeal[.]" _Heath v. Jones_, 941 F.2d 1126, 1132 (11th Cir. 1991).

## III. **Discussion**

### A. **Claim One**

Petitioner asserts that the trial court erred when it denied his motion to suppress the stop of his vehicle (Doc. 1 at 5). Specifically, Petitioner argues that the information provided by the BOLO bulletin was too general to justify the stop of his car (Doc. 1 at 8). Petitioner further asserts that, because the officer who actually stopped Petitioner's car did not testify at the hearing, it was impossible to determine the circumstances surrounding the stop. _Id._ at 8-9. Petitioner raised this claim

on direct appeal, and Florida's Second DCA denied the claim, citing State v. Davis, 849 So. 2d 398, 400-01 (Fla. 4th DCA 2003) and State v. Wise, 603 So. 2d 61 (Fla. 2d DCA 1992).[3]  Although this claim was exhausted in the state courts, it is not cognizable on federal habeas review.

The Supreme Court has held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." Stone v. Powell, 428 U.S. 465, 494 (1976). "Full and fair consideration" in the context of Fourth Amendment claims includes "at least one evidentiary hearing in a trial court and the availability of meaningful appellate review when there are facts in dispute, and full consideration by an appellate court when the facts are not in

---

[3] In State v. Davis, Florida's Fourth DCA concluded:

> To establish a well-founded suspicion to stop
> a vehicle pursuant to a BOLO, a police officer
> should consider several factors, including: 1)
> the length of time since the offense; 2) the
> distance from the offense; 3) the route of
> flight; 4) the specificity of the description
> of the vehicle and its occupants; and 5) the
> source of the BOLO information.

849 So. 2d at 400 (citing Wise 603 So. 2d at 61).

dispute." Bradley v. Nagle, 212 F.3d 559, 564–65 (11th Cir. 2000) (quoting Caver v. Alabama, 577 F.2d 1188, 1191 (5th Cir. 1978)).[4]

The record indicates that Petitioner filed a motion to suppress prior to trial (Ex. 3).  An evidentiary hearing was held (Ex. 4).  At the hearing, Petitioner presented evidence, arguments were heard, and a ruling on the merits was made (Ex. 4).  Subsequently, the denial of his motion to suppress was fully litigated as an issue on direct appeal (Ex. 10; Ex. 13).

Petitioner does not contend that he was denied the opportunity to present facts to the trial court or to argue the issue before an appellate court.  He did both.  Rather, he challenges only the decision of the trial court in light of the evidence and arguments he presented at the suppression hearing.  Accordingly, pursuant to Stone, this Court is precluded from reviewing this claim on federal habeas review, and Claim One is dismissed.

**B.  Claim Two**

Petitioner asserts that appellate counsel was ineffective for failing to argue that a Confrontation Clause violation occurred at his suppression hearing because the officer who arrested him pursuant to a BOLO bulletin did not testify as to whether reasonable suspicion existed to stop his car (Doc. 1 at 12-13).

---

[4] The Eleventh Circuit has adopted the decisions of the Fifth Circuit decided prior to September 30, 1981, as binding precedent. Bonner v. City of Prichard, Ala., 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

Petitioner raised this argument in his state habeas petition, and it was rejected by Florida's Second District Court of Appeal (Ex. 14; Ex. 15).

At Petitioner's suppression hearing, the state notified the trial court that Sam Williamson ("Williamson"), the police officer who issued the BOLO bulletin for Petitioner's car, would testify as to the arresting officer's reasonable suspicion for the stop (Ex. 4 at 3-4). Defense counsel objected, noting that the officer who had actually stopped Petitioner's car was no longer available to testify, and arguing that the officer's absence from the suppression hearing violated the Confrontation Clause of the United States Constitution.[5] Id.   After hearing Williamson's testimony and arguments from the state and defense counsel, the court denied Petitioner's motion to suppress. Id. at 30. As discussed in Claim One, supra, this Court will not re-litigate whether there was reasonable suspicion for the stop of Petitioner's car.   Rather, Claim Two is limited to the issue of whether appellate counsel was constitutionally ineffective for failing to argue on direct appeal that the unavailability of the arresting officer at the suppression hearing violated Petitioner's rights under the Confrontation Clause of the United States Constitution.

---

[5] The Sixth Amendment's Confrontation Clause protects a defendant's right to confront those individuals who make "testimonial" statements against him. Melendez-Diaz v. Massachusetts, 557 U.S. 305, 309-10 (2009) (citing Crawford v. Washington, 541 U.S. 36, 51-52 (2004)).

A review of the record and applicable state and federal law indicates that a reasonable appellate attorney could have decided against raising this issue on direct appeal.

Under Florida's "fellow officer rule," an arresting officer may rely on the collective knowledge of other police officers involved in an investigation. <u>Montes-Valeton v. State</u>, 141 So. 3d 204, 207 (Fla. 3d DCA 2014); <u>Voorhees v. State</u>, 699 So. 2d 602, 609-10 (Fla. 1997). In <u>State v. Bowers</u>, the Florida Supreme Court clarified that "[t]he rule allows an officer to testify to a previous link in the chain for the purpose of justifying his or her *own* conduct. However, this is not the same as permitting an officer to testify as to knowledge that another officer possessed in order to justify the *other* officer's conduct." 87 So. 3d 704, 709 (Fla. 2012) (emphasis in original). The <u>Bowers</u> court further noted that "[n]o exception to the hearsay rule exists that would allow one officer, who did not participate in the decision to stop the defendant, to testify as to what another officer told him was the reason for the traffic stop in a case challenging the validity of the initial stop and to allow that testimony to be admitted in evidence for the truth of the matter." <u>Id.</u> at 710.

Although it appears that the recent <u>Bowers</u> decision raises a question as to whether the actual arresting officer must testify at a suppression hearing, the facts in <u>Bowers</u> are distinguishable from those in the instant case. Unlike the officers in <u>Bowers</u>,

Williamson did not learn the details of the arresting officer's reasonable suspicion after the arrest. To the contrary, Williamson was involved in the investigation of the bank robbery from the beginning, and Williamson actually provided the evidence of reasonable suspicion <u>to</u> the arresting officer. Moreover, Williamsons' testimony at the suppression hearing regarding his reasons for issuing the BOLO was not hearsay; rather it was based upon his personal observations and conduct.[6] Florida courts have consistently held that an officer can testify in a suppression hearing as to his personal knowledge. <u>See</u> <u>State v. Adderly</u>, <u>809 So. 2d 75</u>, 75-77 (Fla. 4th DCA 2002) (reversing suppression in part because officer who witnesses vehicle run stop sign actually testified at suppression hearing); <u>Daniel v. Village of Royal Palm</u>

---

[6] Williamson testified that he responded to a report of a bank robbery committed by a black mail who was wearing a dress and wig and carrying a pink purse (Ex. 4 at 6-7). Williamson took a path towards the robbery site that went by the escape route used by the perpetrator of a prior robbery of the same bank. <u>Id.</u> at 7-8. He observed Petitioner's car leaving the area, which was about five or six hundred feet from the bank, "at a fairly good clip" and when he saw Williamson's car, Petitioner braked so suddenly, his body lurched forward. <u>Id.</u> at 9, 12. Williamson noticed that Petitioner was wearing a white tank top and he thought "that would be a good thing to wear under another article of clothing." <u>Id.</u> Although Williamson felt that Petitioner may have been involved in the robbery, he was under the impression that the robber was still in the bank, so he proceeded to the bank. <u>Id.</u> at 11. When Williamson learned that the robber was no longer in the bank, he "immediately got on the radio and put out a BOLO that there was a smaller dark blue car coming out of Oak Trails, driven by a black male wearing a shite tank top shirt, and if we [see] it, we need to stop it." <u>Id.</u> Williams testified that about three minutes elapsed between the initial robbery call and the issuance of the BOLO. <u>Id.</u> at 12.

<u>Beach</u>, 889 So. 2d 988, 991 (Fla. 4th DCA 2004) ("Under the 'fellow officer rule," [another officer's] observations could be imputed to the arresting officer to justify [an arrest]."); <u>Crawford v. State</u>, 334 So. 2d 141, 142 (Fla. 3d DCA 1976) (An "arresting officer is not required to have sufficient firsthand knowledge to constitute probable cause. It is sufficient if the police officer initiating the chain of communication . . . had first-hand knowledge."). Given these relevant state law decisions and the nature of Williamson's testimony, appellate counsel's failure to raise a Confrontation Clause argument on direct appeal was not outside the wide range of professionally competent assistance. <u>Strickland</u>, 466 U.S. at 690.

Finally, <u>Bowers</u> was not decided until February 23, 2012, which was three months after Petitioner's appeal was final (Ex. 13). Appellate counsel could not have relied upon <u>Bowers</u> to make the instant Confrontation Clause argument, and prior to <u>Bowers</u>, no Florida case had suggested that it was improper or insufficient for an officer to testify at a suppression hearing concerning information within his personal knowledge that he provided to another officer. Counsel was not constitutionally ineffective for failing to raise a claim that was not supported by current law. <u>Black v. United States</u>, 373 F.3d 1140, 1146 (11th Cir. 2004) ("[A]ppellate counsel's performance was not deficient for failing to predict what was not yet a certain holding."); <u>Spaziano v.</u>

- 14 -

_Singletary_, 36 F.3d 1028, 1039 (11th Cir. 1994) ("[R]easonably effective representation cannot and does not include a requirement to make arguments based on predictions of how the law may develop.) (internal quotation marks and alterations omitted).

Petitioner has not demonstrated deficient performance under _Strickland_. Accordingly, Claim Two is denied pursuant to 28 U.S.C. § 2254(d).

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

## IV. **Certificate of Appealability**[7]

Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability ("COA"). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, Petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," _Tennard v. Dretke_, 542 U.S. 274, 282

---

[7] Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." _Id._ As this Court has determined that Petitioner is not entitled to habeas corpus relief, it must now consider whether Petitioner is entitled to a certificate of appealability.

(2004) (quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" <u>Miller-El</u>, 537 U.S. at 335-36. Petitioner has not made the requisite showing in these circumstances.

Because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis.*

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1.  The Florida Attorney General is **DISMISSED** as a named Respondent.

2.  Claim One of the 28 U.S.C. § 2254 petition for habeas corpus relief filed by Thaddeus Love (Doc. 1) is **DISMISSED with prejudice**; Claim Two is **DENIED**.

3.  Petitioner is **DENIED** a certificate of appealability.

4.  The Clerk of Court is directed to terminate any pending motions, enter judgment accordingly, and close this case.

**DONE** and **ORDERED** in Fort Myers, Florida on this ___1st___ day of May, 2015.

JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

SA: OrlP-4
Copies: Thaddeus Love
Counsel of Record